IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RICKEY LOUIS JACKSON, ID # 1353004, )<br>(Previous ID # 692137), )<br>        Petitioner, )<br>vs. )<br>)<br>NATHANIEL QUARTERMAN, Director, )<br>Texas Department of Criminal )<br>Justice, Correctional Institutions Division, )<br>        Respondent. ) | No. 3:07-CV-0247-B (BH)<br>ECF<br>Referred to U.S. Magistrate Judge |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

### I. BACKGROUND

Petitioner, a state inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed the instant action to challenge a failure of the State to hold a revocation hearing related to his release on parole relative to his conviction for burglary of a building in Cause No. 17,549. Respondent is Nathaniel Quarterman, Director of TDCJ-CID.

On March 2, 1994, petitioner was convicted of burglary of a building in Cause No. 17,549, and was sentenced to ten years imprisonment. (Pet. Writ of Habeas Corpus (Pet.) at 2.) On December 22, 2006, this Court dismissed a prior action in which petitioner directly challenged his burglary conviction because petitioner has fully served the sentence for that conviction and is thus no longer in custody on the conviction. *See Jackson v. Quarterman*, No. 3:06-CV-2073-P (N.D. Tex.

filed Nov. 8, 2006). The dismissal of petitioner's prior action for lack of jurisdiction prompts inquiry into jurisdiction over the instant action.

## II. JURISDICTION

Federal district courts have jurisdiction to entertain petitions for writs of habeas corpus only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. One satisfies the "in custody" requirement when the challenged conviction has not fully expired at the time the petitioner files his or her petition under § 2254. *See Carafas v. Lavallee*, 391 U.S. 234, 238 (1968). One is not "in custody" for a particular conviction when he or she "suffers no present restraint" from the challenged conviction. *Maleng v. Cook*, 490 U.S. 488, 492 (1989). "[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Id.*

In this instance, respondent has custody of petitioner pursuant to a four year sentence resulting from an October 5, 2005 conviction for delivery of a controlled substance (Cause No. 22369-422). Petitioner does not challenge that 2005 conviction in the instant action, however. Rather, he instead challenges an alleged failure of the State to conduct a revocation hearing regarding a release on parole relative to his 1994 burglary conviction. As previously found by this Court, petitioner's sentence for that burglary conviction has fully expired. Having fully served his sentence for that conviction, he is no longer "in custody" such that he can challenge the alleged failure to hold a revocation hearing relative to that conviction.[1]

---

[1] Petitioner provides no basis to construe this action as a challenge to his 2005 conviction. The Court notes, furthermore, that petitioner is still pursuing his state remedies with respect to the 2005 conviction, and apparently has

Because petitioner is not in custody on his burglary conviction, the Court lacks jurisdiction over the instant federal petition to challenge a revocation of parole related to such conviction.

### III.  RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court **DISMISS** the request for habeas corpus relief brought pursuant to 28 U.S.C. § 2254 for lack of subject matter jurisdiction.

**SIGNED this 12th day of March, 2007.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them.  Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

not exhausted his state remedies with respect to such conviction.

3